IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

LAWRENCE PIZZI )
DENIS B. DOHERTY )
    Plaintiffs, )
)
v. )
)
E-LOAN, INC. )
    Defendant. )

FILED IN CLERKS OFFICE
2007 OCT 15 P 1:58
U.S. DISTRICT COURT
DISTRICT OF MASS.

07 CA 11955 PBS

MAGISTRATE JUDGE [signature]

## COMPLAINT -- CLASS ACTION

### MATTERS COMMON TO MULTIPLE COUNTS

### INTRODUCTION

1. This action seeks redress against a predatory subprime mortgage lender for violation of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226. and it's Massachusetts counterpart, Massachusetts Consumer Credit Cost Disclosure Act ("MCCDA"), Mass. G.L. ch. 140D §§1-34, and 209 C.M.R. part 32.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action under 15 U.S.C. §1640 (TILA), and 28 U.S.C. §§1331 and 1337.

3. Venue in this District is proper under 28 U.S.C. §1391(b) and (c) because defendant does business in this District. Defendant is therefore deemed to reside in this District under 28 U.S.C. §1391©).

## PARTIES

4. Plaintiff Lawrence Pizzi resides at 29 Central Street Mansfield, MA 02048.

5. On or about October 27, 2006 Plaintiff Pizzi obtained a loan from E-Loan Inc, secured by his residence. All of the proceeds of the loan were used for personal, family or household purposes.

6. Plaintiff Denis B. Doherty resides at 10 Carmine Avenue Foxboro MA 02035.

7. On or about July 26, 2007 Plaintiff Doherty obtained a loan from E-Loan Inc. secured by his residence. All of the proceeds of the loan were used for personal, family or household purposes.

8. Defendant E-Loan,Inc. is a Delaware corporation with its principle place of business at 6230 Stoneridge Mall Road, Pleasanton, CA 94588.

9. E-Loan Inc. does business in Massachusetts.

10. E-Loan Inc. entered into more than 5 transactions per year in which credit is extended that is secured by the principal residence of a consumer and was used for purposes other than the initial acquisition or construction of the residence.

11. E-Loan Inc. is therefore a creditor as defined in TILA and implementing Federal Reserve Board Regulation Z and or the MCCDA.

## FACTS

12. At the closing of the each of the above referenced refinance transactions between E-Loan Inc., Plaintiffs received copies of a Notice of Right To Cancel, copies of which are attached as <u>Exhibits 1 - 2.</u>

13. The Notice of Right To Cancel received by the each of the Plaintiffs is a standard form regularly used by the Defendant.

14.  Because the transactions were secured by plaintiffs' home, and were not entered into for purposes of the initial acquisition or construction of that home, they were subject to the right to cancel provided by 15 U.S.C. §1635 and Regulation Z, 12 C.F.R. §226.23 and the Massachusetts counterparts under the MCCDA. Section 226.23 provides:

(a) Consumer's right to rescind.

(1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47

(2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.

(3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]

(4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.

(b) Notice of right to rescind. In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

(1) The retention or acquisition of a security interest in the consumer's principal dwelling.

(2) The consumer's right to rescind the transaction.

> (3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.
>
> (4) The effects of rescission, as described in paragraph (d) of this section.
>
> (5) The date the rescission period expires. . . .
>
> (f) <u>Exempt transactions.</u> The right to rescind does not apply to the following:
>
>> (1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].
>>
>> (2) A credit plan in which a state agency is a creditor.

15.   15 U.S.C. §1639(j) provides:

> Consequence of failure to comply
>
> Any mortgage that contains a provision prohibited by this section shall be deemed a failure to deliver the material disclosures required under this title, for the purpose of section 1635 of this title.

16.   The Plaintiffs' transactions and each of the members of the class described herein violated 15 U.S.C. §1635 and 12 C.F.R. § 226.23/ Mass. G.L. ch. 140D, §§1-34, and 209 C.M.R. part 32. The Notice of Right To Cancel received by the Plaintiffs and the putative class is defective as it does not contain the date of the transaction and/ or the deadline in which the rescission period expires in violation of the TILA and Regulation Z and/or the MCCDA.

17.   15 U.S.C. §1635(g) provides:

> Additional relief
>
> In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this sub-chapter not relating to the right to rescind.

The provision of the MCCD is identical but for citation.

## COUNT I -- CLASS CLAIM FOR STATUTORY DAMAGES

18.  Plaintiffs incorporate paragraphs 1-17.

19.  This claim is against E-Loan Inc.

20.  15 U.S.C. §1635(g) provides:

> Additional relief
>
> In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.

21.  Plaintiffs and each member of the class are entitled to statutory damages as provided in 15 U.S.C. §1640 and/or the Massachusetts counterpart under the MCCDA.

## CLASS ALLEGATIONS

22.  This action is brought on behalf of a class. The class is tentatively defined as all natural persons who satisfy the following criteria:

   a.  They obtained a residential non purchase money mortgage loan from E-Loan Inc. secured by their principle residence located in Massachusetts;

   a.  Their transaction was subject to the MCCDA and/or the TILA;

   b.  Their mortgage is dated on or after a date 4 years prior to the filing of this action.

23.  The class is so numerous that joinder of all members is impractical.

24.  There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the class members' TILA / MCCDA disclosures were defective, as alleged above.

25. Plaintiffs' claim is typical of those of the class members. All are based on the same facts and legal theories.

26. Plaintiffs will fairly and adequately protect the interests of the class. Plaintiffs have retained counsel experienced in handling class actions and actions involving unlawful business practices, including claims under the TILA. Neither plaintiffs nor plaintiffs' counsel have any interests which might cause them not to vigorously pursue this action.

27. Certification of the class under Fed.R.Civ.P. 23(b)(3) is appropriate in that:

    a. The questions of law or fact common to the members of the class predominate over any questions affecting only individual members.

    b. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, in that:

    c. Congress specifically provided for class actions as the principal means of enforcing TILA.

    c. Most of the class members do not know about the violation.

    d. Persons that find it necessary to obtain mortgage loans from defendant are unlikely to be able to pay counsel for representation on an individual basis.

    e. Individual actions are not in any event economically feasible.

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and the class and against E-Loan Inc. for:

    (a) Statutory damages;

    (b) Attorney's fees, litigation expenses and costs.

    (c) Such other or further relief as the Court deems appropriate.

>Respectfully submitted,
>
>/s/Christopher M. Lefebvre
>LAW OFFICES OF CLAUDE
>    LEFEBVRE & SONS
>P.O. Box 479
>Pawtucket, RI 02862
>(401) 728-6060
>(401) 728-6534 (FAX)
>BBO No. 629056
>Lefeblaw@aol.com

JURY DEMAND

Plaintiffs demand trial by jury.

>/s/ Christopher M. Lefebvre