IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LAWRENCE PIZZI, individually and on behalf of all others similarly situated, and DENIS B. DOHERTY, individually, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | 07-11955-PBS (leave given on March 10, 2008) |
| v. | ) ) | |
| E-LOAN, INC. | ) | |
| Defendant. | ) | |

**SECOND AMENDED COMPLAINT  --  CLASS ACTION**

**MATTERS COMMON TO MULTIPLE COUNTS**

**INTRODUCTION**

1. This action seeks redress against a predatory subprime mortgage lender for violation of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226. and it's Massachusetts counterpart, Massachusetts Consumer Credit Cost Disclosure Act ("MCCCDA"), Mass. G.L. ch. 140D §§1-34, and 209 C.M.R. part 32.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over this action under 15 U.S.C. §1640 (TILA), and 28 U.S.C. §§1331 and 1337.

3. Venue in this District is proper under 28 U.S.C. §1391(b) and (c) because defendant does business in this District. Defendant is therefore deemed to reside in this District under 28 U.S.C. §1391(c).

## PARTIES

4. Plaintiff Lawrence Pizzi resides at 29 Central Street Mansfield, MA 02048. He is a citizen of Massachusetts.

5. On or about October 27, 2006, Plaintiff Pizzi obtained a loan from E-Loan Inc., secured by his residence. All of the proceeds of the loan were used for personal, family or household purposes, namely, the refinancing of prior debts incurred for such purposes.

6. Plaintiff Denis B. Doherty resides at 10 Carmine Avenue Foxboro, MA 02035. He is a citizen of Massachusetts. He owns the property jointly with his wife Catherine M. Doherty.

7. On or about July 26, 2007, Plaintiff Doherty and his wife obtained a loan from E-Loan Inc. secured by his residence. All of the proceeds of the loan were used for personal, family or household purposes, namely, the refinancing of prior debts incurred for such purposes.

9. Defendant E-Loan, Inc. is a Delaware corporation with its principal place of business at 6230 Stoneridge Mall Road, Pleasanton, CA 94588.

10. E-Loan, Inc. does business in Massachusetts.

11. E-Loan, Inc. entered into more than 50 transactions per year in which credit is extended that is secured by the principal residence of a consumer and was used for purposes other than the initial acquisition or construction of the residence.

12. E-Loan, Inc. is therefore a creditor as defined in TILA and implementing Federal Reserve Board Regulation Z and or the MCCCDA.

## FACTS

13. At the closing of the each of the above referenced refinance transactions between E-Loan, Inc. and Plaintiffs, each Plaintiff received copies of a Notice of Right to Cancel.

Plaintiff Pizzi's Notice of Right to Cancel is attached hereto as <u>Exhibit A.</u> Plaintiff Doherty's Notice of Right to Cancel is attached hereto as <u>Exhibit B</u>.

14. The Notice of Right to Cancel received by the each of the Plaintiffs is a standard form regularly used by the Defendant.

15. Defendant and/or its closing agents in Massachusetts had a practice of providing borrowers with a blank Notice of Right to Cancel in the form exemplified by <u>Exhibits A and B</u> in connection with the refinancing of loans made by someone else.

16. Because the transactions were secured by plaintiffs' homes, and were not entered into for purposes of the initial acquisition or construction of that home, they were subject to the right to cancel provided by 15 U.S.C. §1635 and Regulation Z, 12 C.F.R. §226.23 and the Massachusetts counterparts under the MCCCDA, Mass. G.L. ch. 140D, §10 and the Massachusetts Division of Banks regulations, 209 CMR 32.23, for Massachusetts transactions. Section 226.23 provides:

> (a) <u>Consumer's right to rescind.</u>
>
> > (1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47
> >
> > (2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.
> >
> > (3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative

> proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]
>
> (4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.
>
> (b) <u>Notice of right to rescind.</u> In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:
>
> > (1) The retention or acquisition of a security interest in the consumer's principal dwelling.
> >
> > (2) The consumer's right to rescind the transaction.
> >
> > (3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.
> >
> > (4) The effects of rescission, as described in paragraph (d) of this section.
> >
> > (5) The date the rescission period expires. . . .
>
> (f) <u>Exempt transactions.</u> The right to rescind does not apply to the following:
>
> > (1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].
> >
> > (2) A credit plan in which a state agency is a creditor.

209 CMR 32.23 is similar.

    17.    15 U.S.C. §1639(j) provides:

> Consequence of failure to comply
>
> Any mortgage that contains a provision prohibited by this section shall be deemed a failure to deliver the material disclosures required under this title, for the purpose of section 1635 of this title.

    18.    The Plaintiffs' and each of the putative class members' Notices of the Right to Cancel described herein violated 15 U.S.C. §1635 and 12 C.F.R. § 226.23/ Mass. G.L. ch. 140D, §§1-34, and 209 C.M.R. part 32. The Notices of Right to Cancel received by the Plaintiffs and the

putative class members are defective as they do not contain the date of the transaction and/or the deadline in which the rescission period expires in violation of the TILA and Regulation Z and/or the MCCCDA.

    19.    15 U.S.C. §1635(g) provides:

> Additional relief
>
> In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this sub-chapter not relating to the right to rescind.

Mass. G.L., ch. 140D, §10(g) is similar.

## COUNT I -- CLASS CLAIM FOR STATUTORY DAMAGES

    20.    Plaintiffs incorporate paragraphs 1-19.

    21.    This claim is against E-Loan, Inc. Plaintiff Pizzi is the class representative; Plaintiff Doherty brings his claim individually.

    22.    Plaintiffs and each member of the class are entitled to statutory damages as provided in 15 U.S.C. §1640 and/or the Massachusetts counterpart under the MCCCDA, Mass. G.L., ch. 140D, §32 (a)(2)(b), which is similar to the federal statute.

    23.    On information and belief, E-Loan, Inc.'s net worth is greater than $500,000.

    24.    Plaintiffs' Notices of Right to Cancel in the form represented by Exhibits A and B violated TILA and the MCCCDA because they do not state the date of the transaction and/or the deadline in which the rescission period expires.

## CLASS ALLEGATIONS

    25.    This action is brought on behalf of a class pursuant to Fed. R. Civ. P. 23. The

class consists of (a) all natural persons (b) who obtained non-purchase-money loans that were secured by their Massachusetts residences, (c) on or after a date four years prior to the filing of this action, (d) for purposes other than the initial construction or acquisition of those residences, (e) where the person received a document in the form represented by Exhibits A and B, (f) where either the date of the transaction and/or the deadline in which the rescission period expires were not on the Notice of Right to Cancel.

26. The class is so numerous that joinder of all members is impractical.

27. There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members. The predominant common questions are:

   a. Whether E-Loan, Inc. and/or its closing agents in Massachusetts had a practice of providing borrowers with a blank Notice of Right to Cancel in the form exemplified by Exhibits A and B in connection with the refinancing of loans made by someone else;

   b. Whether doing so violates TILA;

   c. Whether doing so violates the MCCCDA.

28. Plaintiff's claim is typical of those of the class members. All are based on the same facts and legal theories.

29. Plaintiff Pizzi will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and actions involving unlawful business practices, including claims under the TILA and the MCCCDA. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

30. Certification of the class under Fed. R. Civ. P. 23(b)(3) is appropriate in that:

   a. The questions of law or fact common to the members of the class predominate over any questions affecting only individual members.

        b.      A class action is superior to other available methods for the fair and efficient adjudication of the controversy, in that:

        c.      Congress specifically provided for class actions as the principal means of enforcing TILA and the MCCCDA.

        d.      Most of the class members do not know about the violation.

        e.      Persons that find it necessary to obtain mortgage loans from defendant are unlikely to be able to pay counsel for representation on an individual basis.

        f.      Individual actions are not in any event economically feasible.

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and the class and against E-Loan, Inc. for:

    (1)    Statutory damages;

    (2)    Attorney's fees, litigation expenses and costs.

    (3)    Such other or further relief as the Court deems appropriate.

Respectfully submitted,

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Heather Kolbus
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, IL  60603
(312) 739-4200
(312) 419-0379 (FAX)

Christopher M. Lefebvre
LAW OFFICES OF CLAUDE
    LEFEBVRE & SONS

P.O. Box 479
Pawtucket, RI  02862
(401) 728-6060
(401) 728-6534 (FAX)
BBO No.  629056
court@lefebvrelaw.com

## JURY DEMAND

Plaintiffs demand trial by jury.

/s/ Daniel A. Edelman

# EXHIBIT A

# NOTICE OF RIGHT TO CANCEL

LOAN #: E0551913

Borrower(s): Lawrence Pizzi

Mailing Address: 29 Central Street
Mansfield, MA 02048

Security interest in property described as: 29 Central Street
Mansfield, MA 02048

### YOUR RIGHT TO CANCEL

You are entering into a transaction that will result in a mortgage/lien/security interest on/in your home. You have a legal right under federal law to cancel this transaction, without cost, within three business days from whichever of the following events occurs last:

    (1) the date of the transaction, which is [_____]; or
    (2) the date you received your Truth-in-Lending disclosures; or
    (3) the date you received this notice of your right to cancel.

If you cancel the transaction, the mortgage/lien/security interest is also cancelled. Within 20 calendar days after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage/lien/security interest on/in your home has been cancelled, and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 calendar days of your offer, you may keep it without further obligation.

### HOW TO CANCEL

If you decide to cancel this transaction, you may do so by notifying us in writing by fax at
(925) 520-1832    or by mailing to this address:
E-LOAN, INC.
6230 STONERIDGE MALL ROAD
PLEASANTON, CA 94588
Attn: Home Equity Funding Department

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than midnight of _____
(or midnight of the third business day following the latest of the three events listed above.) You may also notify us of cancellation by fax at (925) 520-1832.    If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

**I WISH TO CANCEL**

Lawrence Pizzi        DATE

THE UNDERSIGNED EACH RECEIVED TWO (2) COMPLETED COPIES OF THIS NOTICE OF RIGHT TO CANCEL ON THE TRANSACTION DATE LISTED IN ITEM (1) ABOVE. IF A DATE IS WRITTEN BELOW, AND THAT DATE IS DIFFERENT FROM THE TRANSACTION DATE IN ITEM (1), THE UNDERSIGNED EACH ACKNOWLEDGE RECEIPT OF TWO (2) COMPLETED COPIES OF THIS NOTICE OF RIGHT TO CANCEL ON THE DATE WRITTEN BELOW.

X _____

Lawrence Pizzi        DATE

# EXHIBIT B

**E-LOAN** *A better way to get a loan*

Loan status 24 hours a day - http://etrack.e-loan.com

## NOTICE OF RIGHT TO CANCEL

Loan # : A1310374

Borrower(s): Catherine M Doherty & Denis B Doherty

Mailing Address: 10 Carmine Avenue
Foxboro, MA 02035

Security interest in property described as: 10 Carmine Avenue
Foxboro, MA 02035

### YOUR RIGHT TO CANCEL

You are entering into a transaction that will result in a mortgage/lien/security interest on/in your home. You have a legal right under federal law to cancel this transaction, without cost, within three business days from whichever of the following events occurs last:

   (1) the date of the transaction, which is _____ ; or
   (2) the date you received your Truth-In-Lending disclosures; or
   (3) the date you received this notice of your right to cancel.

If you cancel the transaction, the mortgage/lien/security interest is also cancelled. Within 20 calendar days after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage/lien/security interest on/in your home has been cancelled, and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 calendar days of your offer, you may keep it without further obligation.

---

**HOW TO CANCEL**

If you decide to cancel this transaction, you may do so by notifying us in writing by fax at: (925)847-7312     or by mailing to this address:

   E-LOAN, Inc.
   6230 Stoneridge Mall Road
   Pleasanton, CA 94588

   Attn: First Mortgage Funding Manager

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than midnight of _____ (or midnight of the third business day following the latest of the three events listed above.) You may also notify us of cancellation by fax at (925)847-7312     . If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

**I WISH TO CANCEL**


_____         _____
Catherine M Doherty                      Date

---

The undersigned each acknowledge receipt of two copies of <u>NOTICE OF RIGHT TO CANCEL</u> and one copy of the Federal Truth in Lending Disclosure Statement.

Each borrower/owner in this transaction has the right to cancel. The exercise of this right by one borrower/owner shall be effective to all borrowers/owners.


                                    _____         _____
                                    Catherine M Doherty                      Date(Required)

ELNGRTCI-SIT 100505

**CERTIFICATE OF SERVICE**

I, Daniel Edelman, certify that on March 31, 2008, I caused a true and accurate copy of the foregoing document to be served upon the parties listed below via the court's CM/ECF system:

Mark E. Swirbalus
meswirbalus@daypitney.com

Erica Tennyson
etennyson@daypitney.com

Mary Kate Sullivan
mks@severson.com

The following parties will be served by U.S. Mail and facsimile:

Jan T. Chilton
John B. Sullivan
Severson & Werson
One Embarcadero Center
26TH Floor
San Francisco, CA 94111
FAX:  (415) 956-0439

/s/ Daniel A. Edelman
Daniel A. Edelman