IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LAWRENCE PIZZI, | ) | |
| individually and on behalf of | ) | |
| all others similarly situated, and | ) | |
| DENIS B. DOHERTY, | ) | |
| individually, | ) | |
| | ) | 07-11955-PBS |
| Plaintiffs, | ) | (Leave to file granted on June 26, 2008) |
| | ) | |
| v. | ) | |
| | ) | |
| E-LOAN, INC. | ) | |
| Defendant. | ) | |

**PLAINTIFFS' REPLY IN SUPPORT OF**
**MOTION TO STAY CASE AND VACATE DEADLINES**

Plaintiffs Lawrence Pizzi and Denis B. Doherty respectfully submit this reply in support of their motion to stay this case and vacate deadlines.

**I.      CLASS CERTIFICATION**

Defendant does not dispute that the merits of this case are squarely at issue before the First Circuit in *Megitt v. IndyMac F.S.B.*, appeal number 08-1436. If the District Court's opinion in *Megitt* is affirmed, it is highly likely that defendant will file a motion for summary judgment and prevail.[1] If this outcome is possible, it is unclear why counsel for defendant E-Loan, Inc. has undertaken an effort to unnecessarily expend its client's money and the Court's resources. It is certain that plaintiffs would not move for class certification if *Megitt* is affirmed.

Plaintiffs agree that determinations regarding class certification should be made as early as practicable. Indeed, plaintiffs have engaged in discovery in an effort to obtain

---

[1] A briefing schedule has been set in *Megitt*, and appellants' opening brief is due July 29, 2008.

1

evidence to support their motion. However, exceptions are routinely made to delay this determination due to motions of the parties to extend the briefing schedule, availability of witnesses, status of discovery and any pending discovery disputes and/or other pending motions. Defendant never articulates why it is necessary to determine class certification at this stage and prejudicial to slightly delay the briefing schedule.  Although defendant's fervent opposition to this motion may be brought in an attempt to obtain a release of all putative class members' claims in the event plaintiffs' motion for class certification is successful and *Megitt* is affirmed, such intent cannot come at the unnecessary expenditure of the Court's and the parties' resources.

## II.    CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that this Court stay this case pending the decision of the First Circuit Court of Appeals, *Megitt v. IndyMac F.S.B.*, appeal number 08-1436 and vacate all deadlines set on March 17, 2008 and by any other court order.

Respectfully submitted,

 s/ Heather Kolbus
Heather Kolbus

Daniel A. Edelman
Heather Kolbus
EDELMAN, COMBS, LATTURNER
        & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, IL   60603
(312) 739-4200
(312) 419-0379 (FAX)

Christopher Lefebvre
LAW OFFICES OF CLAUDE
        LEFEBVRE & SONS
P.O. Box 479
Pawtucket, RI  02862

(401) 728-6060
(401) 728-6534 (FAX)
BBO No. 629056

## CERTIFICATE OF SERVICE

I, Heather Kolbus, certify that on June 26, 2008, I caused a true and accurate copy of the foregoing document to be served upon the parties listed below via the court's CM/ECF system:

Mark E. Swirbalus
meswirbalus@daypitney.com

Erica Tennyson
etennyson@daypitney.com

Mary Kate Sullivan
mks@severson.com

Christopher M. Lefebvre
court@lefebvrelaw.com

The following parties will be served by U.S. Mail and facsimile:

Jan T. Chilton
John B. Sullivan
Severson & Werson
One Embarcadero Center
26TH Floor
San Francisco, CA 94111
FAX: (415) 956-0439

s/ Heather Kolbus
Heather Kolbus